■ In the Matter of PETER BEAUDRY et al., Appellants, v DAVID PLEW et al., Constituting the Town of Cortlandville

Zoning Board of Appeals, et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered June 7, 1990 in Cortland County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of Cortlandville approving the request of the Trustees of Cortlandville Lodge No. 470 of the Freemasons for an area variance.

The question presented on this appeal is whether Supreme Court properly dismissed petitioners' application to vacate the determination of the Zoning Board of Appeals of the Town of Cortlandville (hereinafter the Zoning Board) granting an area variance to the Trustees of Cortlandville Lodge No. 470 of the Freemasons (hereinafter the Freemasons). In our view the judgment of dismissal should be affirmed on the finding of the Zoning Board that "[a]n area variance for a difference of 2% from the stated average lot width 'guideline' is not necessary since such a difference is insubstantial and is well within the discretion of the Town Planning Board to allow if the Planning Board otherwise determines to grant the necessary Conditional Permit" (see, Zoning Ordinance of the Town of Cortlandville, art IV, § 4.5 [3] [c]; § 1.2 [3]). In light of this conclusion, the Freemasons can try and obtain a conditional permit from the Town's Planning Board (see, Zoning Ordinance of the Town of Cortlandville, art IV, § 4.4 [3] [a]) which might eliminate the need to review the further action of the Zoning Board granting the unnecessary area variance (see, Matter of Friends of Woodstock v Town of Woodstock Planning Bd., 152 AD2d 876, 880).

Here, the Zoning Board approved the area variance sought by the Freemasons for the purpose of permitting the construction and operation of a lodge on a parcel of land the Freemasons contracted to purchase even though it deemed such an action unnecessary. The parcel consists of approximately 4.3 acres, with a maximum width of 202.60 feet. A small portion fronts on State Route 13. The parcel is generally rectangular except for the portion abutting Route 13. The portion upon which the lodge is to be constructed has an average lot width of 196.3 feet and over 80% of the parcel is in excess of 200 feet in width.

The Town's zoning ordinance permits premises to be used for social activities by a not-for-profit public or private club providing the club first obtains a conditional permit (Zoning Ordinance of the Town of Cortlandville, art IV, § 4.4 [3] [a]). The zoning ordinance provides that such premises should be

no less than three acres in size and have a minimum width size of 200 feet. It is further provided that: "In reviewing applications for approval of conditional permit, the [Town] Planning Board, in determining whether the applicable criteria have been satisfied shall consider each application. These figures are provided as guidelines only for the assistance of individual applicants and are not to be considered a statement of either minimum or maximum requirements" (Zoning Ordinance of the Town of Cortlandville, art IV, § 4.5, n 4). The term "lot width" is defined as "its average width measured at right angles to its depth" (Zoning Ordinance of the Town of Cortlandville, art I, § 1.2 [3]). The zoning ordinance also states that the expressed lot width of 200 feet is merely a guideline (Zoning Ordinance of the Town of Cortlandville, art IV, § 4.5 [3] [c]).

Based on the facts in this record, it is clear that the Freemasons did not have to obtain an area variance from the Zoning Board under the applicable provisions of the Town's zoning ordinance and the determination of the Zoning Board granting such variance, although unnecessary, has a rational basis. Consequently, the Freemasons were not required to obtain a variance. Accordingly, there is no need to discuss petitioners' other arguments for reversal raised on this appeal.

Judgment affirmed, with costs. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.